IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODERICK PERKINS,                           No C-10-0156-VRW (PR)

        Plaintiff,

     v                                    ORDER OF SERVICE

SAN FRANCISCO POLICE OFFICERS
OLSON, LUCAS AND KENNEY,

        Defendant(s).
                                      /

Plaintiff, a prisoner incarcerated at San Quentin State Prison, has filed a pro se complaint under 42 USC § 1983 against three San Francisco Police Officers claiming they used excessive force against him during his arrest. Plaintiff seeks damages. Doc #1.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint,

1  or any portion of the complaint, if the complaint "is frivolous,
2  malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune
4  from such relief."  Id § 1915A(b).  Pleadings filed by pro se
5  litigants, however, must be liberally construed.  <u>Balistreri v
6  Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).
7       To state a claim under 42 USC § 1983, a plaintiff must
8  allege two essential elements:  (1) that a right secured by the
9  Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the
11 color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

## II

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard.  See <u>Graham v Connor</u>, 490 US 386, 394–95 (1989); <u>Forrester v City of San Diego</u>, 25 F3d 804, 806 (9th Cir 1994), <u>cert denied</u>, 513 US 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  See <u>Graham</u>, 490 US at 396 (citations omitted).

In his complaint, plaintiff alleges that on May 23, 2009, San Francisco Police Officer Olson, Badge #376, Sergeant C Lucas,

1   Badge #912 and Officer Matthew Kenney, Badge #572, used excessive
2   force against him during his arrest.  Specifically, plaintiff claims
3   he was struck with a baton three times and that after he had fallen
4   to the ground and was lying on his stomach officers stepped on his
5   back and neck.  Following his arrest, plaintiff was taken to San
6   Francisco General Hospital and treated for injuries sustained during
7   the arrest.  Doc #1.
8           Liberally construed, plaintiff's complaint appears to
9   state a cognizable Fourth Amendment claim and the three named
10  defendants will be served.  See Graham, 490 US at 394-95; Forrester,
11  25 F3d at 806.

### III

14          For the foregoing reasons and for good cause shown:
15          1.  The clerk shall issue summons and the United States
16  Marshal shall serve, without prepayment of fees, copies of the
17  complaint in this matter, all attachments thereto, and copies of
18  this order on defendants San Francisco Police Officer Olson, Badge
19  #376, Sergeant C Lucas, Badge #912 and Officer Matthew Kenney, Badge
20  #572, by bringing said copies to Police Legal, Room 575 (5th Floor),
21  Hall of Justice, 850 Bryant Street, San Francisco.  The clerk also
22  shall serve a copy of this order on plaintiff.
23          2.  In order to expedite the resolution of this case, the
24  court orders as follows:
25              a.  No later than ninety (90) days from the date of
26  this order, defendants shall file a motion for summary judgment or

3

1  other dispositive motion.  A motion for summary judgment shall be
2  supported by adequate factual documentation and shall conform in all
3  respects to Federal Rule of Civil Procedure 56, and shall include as
4  exhibits all records and incident reports stemming from the events
5  at issue.  If defendants are of the opinion that this case cannot be
6  resolved by summary judgment or other dispositive motion, they shall
7  so inform the court prior to the date their motion is due.  All
8  papers filed with the court shall be served promptly on plaintiff.
9             b.   Plaintiff's opposition to the dispositive motion
10 shall be filed with the court and served upon defendants no later
11 than thirty (30) days after defendants serve plaintiff with the
12 motion.
13            c.   Plaintiff is advised that a motion for summary
14 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
15 if granted, end your case.  Rule 56 tells you what you must do in
16 order to oppose a motion for summary judgment.  Generally, summary
17 judgment must be granted when there is no genuine issue of material
18 fact - that is, if there is no real dispute about any fact that
19 would affect the result of your case, the party who asked for
20 summary judgment is entitled to judgment as a matter of law, which
21 will end your case.  When a party you are suing makes a motion for
22 summary judgment that is properly supported by declarations (or
23 other sworn testimony), you cannot simply rely on what your
24 complaint says.  Instead, you must set out specific facts in
25 declarations, depositions, answers to interrogatories, or
26 authenticated documents, as provided in Rule 56(e), that contradicts

**4**

1  the facts shown in the defendants' declarations and documents and
2  show that there is a genuine issue of material fact for trial.  If
3  you do not submit your own evidence in opposition, summary judgment,
4  if appropriate, may be entered against you.  If summary judgment is
5  granted, your case will be dismissed and there will be no trial.
6  <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App
7  A).

8         Plaintiff also is advised that a motion to dismiss for
9  failure to exhaust administrative remedies under 42 USC § 1997e(a)
10 will, if granted, end your case, albeit without prejudice.  You must
11 "develop a record" and present it in your opposition in order to
12 dispute any "factual record" presented by the defendants in their
13 motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir
14 2003).

15         d.   Defendants shall file a reply brief within
16 fifteen (15) days of the date on which plaintiff serves them with
17 the opposition.

18         e.   The motion shall be deemed submitted as of the
19 date the reply brief is due.  No hearing will be held on the motion
20 unless the court so orders at a later date.

21      3.   Discovery may be taken in accordance with the Federal
22 Rules of Civil Procedure.  No further court order is required before
23 the parties may conduct discovery.

24      4.   All communications by plaintiff with the court must
25 be served on defendants, or defendants' counsel once counsel has
26 been designated, by mailing a true copy of the document to

5

1  defendants or defendants' counsel.

2         5.   It is plaintiff's responsibility to prosecute this
3  case.  Plaintiff must keep the court and all parties informed of any
4  change of address and must comply with the court's orders in a
5  timely fashion.  Failure to do so may result in the dismissal of
6  this action pursuant to Federal Rule of Civil Procedure 41(b).

9        IT IS SO ORDERED.

                                        **VAUGHN R WALKER**
                                        **United States District Chief Judge**

26  G:\PRO-SE\VRW\CR.10\Perkins-10-156-order of servce.wpd